# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REJINA J. GALVEZ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | 1:12-cv-1960 AWI GSA<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS CASE** |

## I. INTRODUCTION

Plaintiff, Rejina J. Galvez ("Plaintiff"), is proceeding pro se in this civil action. She filed a complaint on November 30, 2012, challenging a denial of her application for disability/social security benefits. (Doc. 1). She has named the Commissioner of Social Security as a defendant ("Defendant"). A summons was issued on January 1, 2013. (Doc. 5). On January 18, 2013, an Informational Order was served on Plaintiff that contained specific instructions advising Plaintiff how to serve the Defendant with the summons and complaint, and required that she file proof of service within twenty days. (Doc. 6, Pg. 1-2).

As of March 25, 2013, Plaintiff had not served the proof of service of the summons and complaint on Defendant as ordered. On that same day, this Court issued an Order to Show Cause

1

Why this Case Should Not be Dismissed for Plaintiff's Failure to Obey this Court's order ("OSC") and serve the summons and complaint as directed. (Doc. 7). Plaintiff was directed to respond to the OSC within twenty days, or alternatively file the required proofs of service.

## II.     DISCUSSION

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson v Housing Auth.*, 782 F.2d at 831; *Henderson v. Duncan*, 779 F.2d at 1423-24; *Malone v. U.S. Postal Service*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali v. Moran*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this

litigation and the Court's interest in managing the docket weigh in favor of dismissal. Plaintiff has failed to serve the summons and complaint as directed despite being given two months to do so, as well as specific instructions on how to achieve service. More than three months have passed and Plaintiff has not responded to two of this Court's orders. Without proper service of these documents on Defendant, the case cannot proceed.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring the disposition of cases on the merits is also met. While the public's interest certainly favors resolution of cases on the merits, the public has an equal, if not greater interest in ensuring confidence in our judicial system and in the speedy and fair administration of justice. Here, there will be no resolution of this case given Plaintiff's failure to serve the required documents. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone v. U.S. Postal Service*, 833 at 132-33; *Henderson v. Duncan*, 779 F.2d at 1424. In this case, the Court's order expressly stated, "Failure to respond to this Order to Show Cause within the time specified will result in dismissal of this action." (Doc. 7, pg. 2). Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's order.

## III. CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the Court's orders of January 18, 2013 and March 25, 2013, and a failure to prosecute the action. (Docs. 6 and 7).

These findings and recommendations are submitted to the United States District Judge Anthony W. Ishii, pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 30, 2013**                       /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE